**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

WESLEY DURANT,

                Plaintiff,

v.                                                    Case No. 6:06-cv-480-Orl-31JGG

ABRAHAM L. WOODS,

                Defendant.
_____

## ORDER OF DISMISSAL

Plaintiff, a prisoner of the State of Florida proceeding *pro se*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 8). Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. section 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners:

    (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

        (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2)    seeks monetary relief from a defendant who is immune from such relief.

Thus, the courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. section 1915(e) directs the court to dismiss actions which are frivolous or malicious. A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). However, the Court must read Plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff alleges that Defendant, a medical doctor specializing in urology, provided medical services to inmates in the Florida Department of Corrections. According to Plaintiff, Defendant performed the following surgeries on Plaintiff: 1) on April 24, 2002, Defendant removed Plaintiff's prostate; 2) on January 23, 2004, Defendant attempted to repair damage that occurred to Plaintiff's bladder from prior surgeries; and 3) on April 13, 2004, Defendant performed another surgery on Plaintiff, installing a "male sling to help with his urinary incontinence problems from his damage[d] bladder." Plaintiff contends that, as a result of the surgeries, he has "lost . . . all of his male organs reproduction system." He requests that Defendant be precluded from performing any more surgeries and that he receive "declaratory awards."

The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments," and it has been interpreted as obligating prison officials to provide medical care to inmates in their custody. *See Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). "Prison personnel may not subject inmates to acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs . . . . [S]uch deliberate indifference by a correctional system to the serious medical needs of its prisoners constitutes the kind of unnecessary and wanton infliction of pain that is proscribed by the eighth amendment." *Harris v. Thigpen*, 941 F.2d 1495, 1504-05 (11th Cir. 1991) (quotations omitted) (citations omitted).

In the present case, Plaintiff's allegations merely constitute, at most, malpractice, which do not support a claim of cruel and unusual punishment. It is established that "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *see also Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("Mere medical malpractice, however, does not constitute deliberate indifference."). Consequently, Plaintiff's complaint is frivolous and must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** as frivolous.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida this 24th day of May, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 5/24
Counsel of Record
Wesley Durant